IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| **ENTREPRANEUR DREAM TEAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:22cv529-RCY |
| | ) | |
| **CERTAIN INTERESTED UNDERWRITERS** | ) | |
| **OF LLOYD'S INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This matter comes before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation on the Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted ("Motion to Dismiss") filed by Defendant, Certain Interested Underwriters at Lloyd's, London ("Lloyd's"),[1] subscribing to Policy Number AS350P02385-0, and Plaintiff Entrepreneur Dream Team's ("Entrepreneur")[2] Motion Seeking Leave to File Second Amended Complaint ("Motion for Leave to Amend"). (ECF Nos. 9, 13, 21.) Both motions have been fully briefed and are ripe for disposition. (ECF Nos. 14-18.) The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions and argument would not aid

---

[1] The Amended Complaint and proposed Second Amended Complaint name the defendant as "Certain Interested Underwriters of Lloyd's Insurance Company." (ECF Nos. 7, 13-1.) For purposes of this Report and Recommendation, the Court refers to Defendant as Lloyd's.

[2] The pleadings name the plaintiff as "Entrepraneur Dream Team," whereas other record material refers to the plaintiff as "Entrepreneur Dream Team, Inc." (*Compare* ECF No. 7, *with* ECF No. 9-3, at 2 & ECF No. 9-4.) For purposes of this Report and Recommendation, the Court refers to Plaintiff as Entrepreneur.

the decisional process. E.D. Va. Loc. Civ. R. 7(J). The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332.[3]

For the reasons set forth below, the Court RECOMMENDS that Lloyd's Motion to Dismiss (ECF No. 9) be GRANTED without prejudice and that Entrepreneur's Motion for Leave to Amend (ECF No. 13) be GRANTED IN PART and DENIED IN PART.

## I. FACTUAL ALLEGATIONS

From November 8, 2017 to August 14, 2018, Entrepreneur owned property located at 3012 Ballantine Boulevard, Norfolk, Virginia 23509 (the "Property"). (ECF No. 7, ¶ 5.) Entrepreneur mortgaged the Property through Anchor Assets V, LLC ("Anchor"), which held a lien on the deed of trust. (*Id.* ¶ 6.) Entrepreneur purchased insurance through Lloyd's to protect the Property from casualty, including fire. (*Id.* ¶¶ 7-8.) Entrepreneur paid the premiums in full and received coverage extending from November 8, 2017 through November 8, 2018. (*Id.* ¶¶ 7, 9.) The insurance policy in effect provided that no lawsuit could be brought against Lloyd's unless "the action is started within two years after the date of loss." (ECF No. 9-3, at Page 14 of 22.)[4]

On July 28, 2018, a fire at the Property caused substantial damage. (ECF No. 7, ¶ 11.) Entrepreneur alleges that the fire damage caused an approximately $177,000 loss in value and

---

[3] The amount in controversy exceeds $75,000, and diversity of citizenship exists. 28 U.S.C. § 1332.

[4] The Court may consider the insurance policy attached to the Motion to Dismiss because Entrepreneur does not challenge its authenticity, the Amended Complaint incorporates the policy by reference, and the policy is central to Entrepreneur's claims. *See Sewraz v. First Liberty Ins. Corp.*, 2012 U.S. Dist. LEXIS 92, at *7-8 n.2 (E.D. Va. Jan. 3, 2012) (finding that a policy was "'integral to the complaint and authentic'" and therefore could be considered without converting the motion to dismiss into one for summary judgment) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

that it paid $19,497.19 in costs for partial repairs. (*Id.* ¶¶ 15, 16.) On August 1, 2018, Entrepreneur filed a claim with Lloyd's regarding the fire damage. (*Id.* ¶ 12.) The policy covered up to $180,000 in damages. (*Id.* ¶ 18.)

On August 14, 2018, the Property foreclosed. (*Id.* ¶ 13.) The highest bid at the foreclosure sale fell below the total value of the Property due to the fire damage but satisfied the mortgage loan owed to Anchor in full. (*Id.* ¶¶ 13, 23.)

Lloyd's never made payment on Entrepreneur's claim. (*Id.* ¶ 19.) But Christopher Caldwell, the President of Cardinal Associates, Inc., an insurance agent for Lloyd's, allegedly represented to Entrepreneur that Lloyd's had paid $177,000 in insurance proceeds to Anchor. (*Id.* ¶¶ 10, 20.) In fact, Lloyd's made no payment to Anchor but "rather took the position it had no reason to pay Anchor as a result of the fire because of the foreclosure." (*Id.* ¶¶ 23, 36.) Entrepreneur alleges that the representation made by Caldwell, Lloyd's agent, was either intentionally false or made negligently. (*Id.* ¶¶ 52, 59.) Entrepreneur further alleges that, if negligently made, Lloyd's later discovered "such representation was not correct and [both] intentionally and with intent of deceit withheld that information from Entrepreneur." (*Id.* ¶ 52.) Entrepreneur relied on the representation that payment had been made until late 2021 when it discovered the falsity of the representation. (*Id.* ¶¶ 21, 22, 53.) Entrepreneur had not pursued its claim or filed this litigation within two years of the date of loss based on the representation that insurance proceeds had been paid. (*Id.* ¶¶ 24, 55.) Entrepreneur argues it was reasonable to rely on Caldwell's representation because it "was plausible" and there was no reason for Entrepreneur to believe Caldwell would make a false statement. (*Id.* ¶¶ 54, 61.)

Upon discovering the misrepresentation, Entrepreneur demanded payment under the insurance policy. (*Id.* ¶ 37.) According to Entrepreneur, Lloyd's then "engaged in a response of

3

run-around" and "for the first time indicated suspicion" regarding the cause of the fire "with no basis." (*Id.* ¶¶ 40-42.)

## II.  PROCEDURAL HISTORY

On July 28, 2022, Entrepreneur filed this lawsuit against Lloyd's. (ECF No. 1.) Lloyd's responded by filing a motion to dismiss for failure to state a claim. (ECF Nos. 4, 6.) Entrepreneur then filed the pending Amended Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). (ECF No. 7.)

The Amended Complaint asserts five claims: (1) Count One—breach of contract, seeking "contractual compensatory damages, including the policy limit of $180,000 plus interest" (ECF No. 7, ¶¶ 11-25); (2) Count Two—breach of implied covenant of good faith and fair dealing, seeking $177,000 in damages under the terms of the insurance policy (*id.* ¶¶ 26-33); (3) Count Three—bad faith, seeking compensatory damages, punitive damages, and attorneys' fees (*id.* ¶¶ 34-50); (4) Count Four—actual fraud, seeking compensatory damages, punitive damages, and attorneys' fees (*id.* ¶¶ 51-57); and (5) Count Five—constructive fraud, seeking $180,000 in damages (*id.* ¶¶ 58-62).

On November 23, 2022, Lloyd's filed its Motion to Dismiss. (ECF No. 9.) Lloyd's first contends that the limitations period in the insurance policy bars this entire action and that Entrepreneur has not pled sufficient facts for equitable estoppel to prevent the application of the limitations period. (ECF No. 9-1, at 11-12, 18.) Next, Lloyd's seeks dismissal of Counts Two and Three, arguing that Virginia does not recognize an independent cause of action for breach of the implied covenant of good faith and fair dealing or bad faith. (*Id.* at 12-14.) Finally, Lloyd's contends that Counts Four and Five should be dismissed because the allegations fail to meet the

4

heightened pleading standard for fraud and fail to show reasonable reliance as a matter of law. (*Id.* at 16-17.)

On December 21, 2022, Entrepreneur simultaneously filed its opposition to the Motion to Dismiss with its Motion for Leave to Amend. (ECF Nos. 13-15.) The proposed Second Amended Complaint asserts the same five causes of action as in the Amended Complaint, based largely on the same facts. (*See* ECF No. 13-1.) However, the Second Amended Complaint seeks to add allegations clarifying that the misrepresentation made by Caldwell occurred in June or July 2019, before the expiration of the two-year limitations period in the insurance policy. (*Id.* ¶¶ 20, 35.) The proposed Second Amended Complaint also includes an allegation that had such misrepresentation not been made, Entrepreneur "would have filed suit within two years of July 28, 2018 to seek payment for the full amount of the coverage limit of the insurance policy." (*Id.* ¶ 22.) According to the proposed Second Amended Complaint, Entrepreneur did not pursue its claim against Lloyd's because it "reasonably believed that Lloyd's Insurance had already paid the full policy limit of the insurance policy to Anchor as a result of the July 28, 2018 fire." (*Id.*) The proposed Second Amended Complaint also seeks to attach, as Exhibit A, correspondence between Entrepreneur and Lloyd's to support Entrepreneur's bad faith claim. (*Id.* ¶ 42 & Ex. A.)

In its opposition to the Motion to Dismiss, Entrepreneur argues that Lloyd's should be estopped from asserting a time-bar defense based on the allegations in the Amended Complaint and the new allegations in the proposed Second Amended Complaint showing a false representation which caused Entrepreneur to miss the policy's filing deadline. (ECF No. 15, at 2-3.) Entrepreneur further contends that it has pled sufficient facts to state a claim for both breach of the implied covenant of good faith and fair dealing and for a claim of bad faith. (*Id.* at 3, 5.) Finally, Entrepreneur argues that the facts asserted in the Amended Complaint coupled

5

with the new allegations in the proposed Second Amended Complaint suffice to put Lloyd's on notice of the particularity of the fraud and show plausible reasonable reliance. (*Id.* at 4.)

Lloyd's opposes the Motion for Leave to Amend, contending that it does not fully address the deficiencies identified in its Motion to Dismiss and that Entrepreneur should be denied a second opportunity to amend its pleading. (ECF Nos. 16-17.)

### III. STANDARD OF REVIEW

#### A. Standard of Review for Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted where a complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility exists where a complaint contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.

A Rule 12(b)(6) motion "tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). For that reason, in deciding such a motion, the Court "must accept as true all of the factual allegations contained in the complaint" and "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (internal citations omitted). Pleadings that offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to state a claim for relief. *Twombly*, 550 U.S. at 555. The Court may consider documents attached to a complaint or Motion to Dismiss if integral to the complaint and authentic. *Penn. v. 1st S. Ins. Servs.*, 324 F. Supp. 3d 703, 714 (E.D. Va. 2018).

### B. Standard of Review for Motion for Leave to Amend Pleading

Rule 15 of the Federal Rules of Civil Procedure governs the Motion for Leave to Amend. As relevant here, Entrepreneur may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Therefore, leave to amend should be denied in limited situations, such as when amendment would be prejudicial to the non-moving party, the moving party has exhibited bad faith, or where amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). Futility exists when a proposed amended pleading fails to state a claim as required by Rule 12(b)(6). *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

### IV.   ANALYSIS

Entrepreneur's Amended Complaint fails to contain sufficient factual allegations to show that Lloyd's should be equitably estopped from asserting the time bar as to the claims arising under the insurance policy (Counts One, Two, and Three). In addition, the Court finds that Entrepreneur's claims of breach of the covenant of good faith and fair dealing (Count Two) and bad faith (Count Three) cannot, as a matter of law, survive as standalone causes of action separate and apart from the breach of contract claim asserted in Count One. Entrepreneur's Amended Complaint also fails to allege the particulars of the fraud, whether actual or constructive (Counts Four and Five). For these reasons and those that follow, the Court recommends that the Motion to Dismiss be granted in its entirety.

Even though the Court recommends dismissal of the claims in the Amended Complaint, Entrepreneur has moved for leave to amend its claims, accompanied by a proposed Second Amended Complaint. The proposed Second Amended Complaint fails to correct the deficiencies

as to Counts Two and Three—Virginia law simply does not recognize an independent cause of action for such claims under an insurance policy outside of breach of contract. The proposed Second Amended Complaint does, however, assert sufficient facts to plead equitable estoppel and comes close to pleading the fraud claims with sufficient particularity. For these reasons and because "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court recommends that the Motion for Leave to Amend be granted in part and denied in part. Specifically, it recommends that Entrepreneur be granted permission to file an amended complaint pursuing Counts One, Four, and Five, but should be denied leave to amend to reassert Counts Two and Three.

### A. The Amended Complaint Fails to Plead Sufficient Facts to Show Equitable Estoppel but Leave to Amend Should Be Granted

Lloyd's moves to dismiss all claims raised in the lawsuit as untimely "because Plaintiff failed to file suit against Lloyd's Insurance within the time period specifically stated within its insurance policy." (ECF No. 9-1, at 11-12.)[5] Entrepreneur does not appear to dispute that its claims under the insurance policy would be time-barred given the policy's limitations period. It contends, however, that Lloyd's should be estopped from asserting the time-bar defense. (ECF No. 15, at 2-3.) While the Court finds that Entrepreneur's Amended Complaint fails to include sufficient plausible allegations to plead equitable estoppel, its proposed Second Amended Complaint does. Therefore, the Court recommends that the Motion to Dismiss be granted as to Count One, but that the Motion for Leave to Amend be granted in part as well to allow Entrepreneur to proceed under Count One of the Second Amended Complaint.

---

[5] Lloyd's does not explain, and it remains unclear to the Court, why this argument for dismissal goes to all claims rather than only the claims arising under the insurance policy.

Under the terms of the insurance policy, no lawsuit could be brought after July 28, 2020—"two years after the date of loss" caused by the fire on July 28, 2018. (ECF No. 9-3, at Page 14 of 22; *see also* ECF No. 7, ¶ 11.) Courts have enforced similar two-year limitations periods as both consistent with public policy and not unreasonably short. *See, e.g.*, *Brentzel v. AIG Prop. Cas. Co.*, 2021 U.S. Dist. LEXIS 148199, at *16-17 (E.D. Va. Aug. 5, 2021) ("[T]he Virginia General Assembly has approved of (and the courts have upheld) insurance contracts with limitations periods longer than 1 year, such as 2 years.") (citing cases). *See also* Va. Code Ann. § 38.2-314 ("No provision in any insurance policy shall be valid if it limits the time within which an action may be brought to less than one year after the loss occurs or the cause of action accrues."). Thus, unless the doctrine of equitable estoppel applies, the two-year limitations period bars this action filed on July 28, 2022, four years after the date of loss. (*See* ECF No. 1.)

"'The doctrine of equitable estoppel bars a statute of limitations defense by a defendant who, by his own conduct, lulls another into a false security.'" *Sewraz*, 2012 U.S. Dist. LEXIS 92, at *15 (quoting *Lamers v. Organizational Strategies, Inc.*, 2008 U.S. Dist. LEXIS 23037, at *4-5 (E.D. Va. Mar. 24, 2008)). "'When faced with a Rule 12(b)(6) motion to dismiss, where it is apparent that the statute of limitations expired before the filing of the plaintiff's complaint, the plaintiff has the burden of pleading facts that would support a finding that equitable estoppel applies.' If the plaintiff fails to meet this burden, the Court will dismiss the action." *York v. Nationwide Gen. Ins. Co.*, 2019 U.S. Dist. LEXIS 208489, at *3 (E.D. Va. Dec. 3, 2019) (quoting *Snapp v. Lincoln Fin. Secs. Corp.*, 2018 U.S. Dist. LEXIS 34492, at *13-14 (W.D. Va. Mar. 2, 2018)).

To meet that burden, Entrepreneur "must allege facts that plausibly suggest: (1) [the insurance company] falsely represented or concealed a material fact; (2) the representation or

9

concealment was made with knowledge of the fact; (3) [the plaintiff] was ignorant of the truth of the matter; (4) the representation was made with the intention that [the plaintiff] should act upon it; (5) [the plaintiff] did act upon it; and, (6) that action resulted in an injury to [the plaintiff]." *Sewraz*, 2012 U.S. Dist. LEXIS 92, at \*15-16 (quoting *Lamers*, 2008 U.S. Dist. LEXIS 23037, at \*5). Entrepreneur must also allege sufficient facts to show that its reliance on the misrepresentation was "reasonable." *Id.* at \*16 (citing *Tuomala v. Regent Univ.*, 477 S.E.2d 501, 506 (Va. 1996)).

Lloyd's contends that Entrepreneur failed to allege facts showing that Lloyd's acted with the intent of luring Entrepreneur into delaying the initiation of a lawsuit. (ECF No. 9-1, at 18.) Specifically, Lloyd's correctly notes that Entrepreneur does not allege in the Amended Complaint any facts about *when* the misrepresentation occurred. (*Id.*) As Lloyd's points out, "'[t]o the extent that [Lloyd's Insurance] made any misrepresentations after the two-year limitations period had already expired, the misrepresentations would not have delayed a viable suit because the limitations provision already barred this action.'" (*Id.* (quoting *York*, 2019 U.S. Dist. LEXIS 208489, at \*4).) In its opposition, Entrepreneur appears to concede that its Amended Complaint fails to include sufficient facts regarding the timing of the alleged misrepresentation. (ECF No. 15, at 3.) But it argues, "[i]f this Court grants a motion by Entrepr[e]neur seeking leave to file a second amended complaint, such leave would mean that Entrepr[e]nuer will have pled explicitly that Lloyd's Insurance, by agency, prior to the expiration of the two-year statute of limitations, prevented Entrepr[e]neur from filing suit by fraudulent representation that Lloyd's Insurance had paid Entrepr[e]neur's lender $177,000 in insurance proceeds because of the subject fire." (*Id.* at 3; *see also* ECF No. 14, at 2.) Because the Amended Complaint fails to include facts regarding the timing of the alleged misrepresentation

10

that would allow the Court to conclude that the misrepresentation plausibly caused Entrepreneur to miss the filing deadline under the limitations period, the Court recommends that the Motion to Dismiss be granted as to Count One.

The Court next must consider whether the new allegations in the proposed Second Amended Complaint (ECF No. 13-1) plausibly plead equitable estoppel. Lloyd's contends they do not. Specifically, it alleges that Entrepreneur fails to allege sufficient facts showing that Lloyd's "'acted with the aim of getting the [Plaintiff] to delay filing a lawsuit until after the limitations period had already expired.'" (ECF No. 16, ¶ 2 (quoting *York*, 2019 U.S. Dist. LEXIS 208489, at *4).) Lloyd's further argues that Entrepreneur should be denied a second opportunity to amend its pleading. (ECF No. 17, at 2-3.) The Court disagrees.

Viewing the allegations in the light most favorable to Entrepreneur and drawing all reasonable inferences in Entrepreneur's favor, as the Court must do at this stage of the proceedings, the Court finds that the proposed Second Amended Complaint sets forth sufficient factual allegations to allege equitable estoppel. Specifically, the Second Amended Complaint alleges, among other things, that: (1) Lloyd's agent falsely represented in June or July 2019 that insurance proceeds under the policy had been paid to Anchor (ECF No. 13-1, ¶ 20); (2) such representation was false because Lloyd's had taken the position that it owed no payments to Anchor as the result of the foreclosure (*id.* ¶¶ 21, 23); (3) Entrepreneur had no reason to doubt the representation made by Lloyd's agent and believed payment had been made until late 2021 (*id.* ¶ 22); (4) Lloyd's agent acted intentionally in June or July 2019 in making the false statement about the status of the insurance claim (*id.* ¶¶ 17, 20, 51); (5) Entrepreneur would have filed suit within the two-year limitations period but for the misrepresentation (*id.* ¶ 22); and (6) Entrepreneur suffered damages in lost insurance proceeds because of the misrepresentation (*id.* ¶

25). These allegations, and the reasonable inferences that may be drawn from them, satisfy Entrepreneur's burden of pleading facts that support a finding of equitable estoppel. Thus, granting Entrepreneur's Motion for Leave to Amend as to Count One would not be futile. Although Entrepreneur has already amended its complaint once as a matter of right, given the direction that leave to amend should be given freely, the Court recommends that Entrepreneur be allowed to pursue Count One as presented in the proposed Second Amended Complaint.

### B. Entrepreneur Fails to State a Standalone Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Count Two asserts a breach of the implied covenant of good faith and fair dealing claim. (ECF No. 7, ¶¶ 26-33.) Entrepreneur realleges certain recitations from its Count One breach of contract claim and contends that Lloyd's breached the implied covenant by making the false representation, through its agent, as to the insurance payout to Anchor. (ECF No. 7, ¶¶ 29-30.)

Lloyd's moves to dismiss Count Two as duplicative of Count One. (ECF No. 9-1, at 12-13.) It argues that any alleged failure to act in good faith does not give rise to an independent cause of action but is instead subsumed by the breach of contract claim raised in Count One. (*Id.*) Entrepreneur contends it may bring Count Two as a separate breach of contract claim under Virginia common law. (ECF No. 15, at 3.)

"Virginia law recognizes an implied covenant of good faith and fair dealing in certain contracts." *Tedders v. Bank of Am., N.A.*, 92 Va. Cir. 33, 37 (Cir. Ct. 2015) (citing *Skillstorm, Inc. v. Elec. Data Sys., LLC*, 666 F. Supp. 2d 610, 620 (E.D. Va. 2009)). But an alleged breach of that covenant "'does not amount to an independent tort;'" instead, it "'gives rise only to a cause of action for breach of contract.'" *Smith v. Flagstar Bank, F.S.B.*, 2015 U.S. Dist. LEXIS 32809, *15-16 (E.D. Va. Mar. 17, 2015) (quoting *Charles E. Brauer Co., Inc. v. NationsBank of Va., N.A.*, 251 Va. 28, 33, 466 S.E.2d 382, 385 (1996)). In other words, "[a] claim for the breach

of that covenant is a claim for breach of contract." *Rogers v. Deane*, 992 F. Supp. 2d 621, 633 (E.D. Va. 2014) (citing *Eplus Tech. Inc. v. Nat'l RR Passenger Corp.*, 407 F. Supp. 2d 758, 762 (E.D. Va. 2005)). "Where there is a claim for breach of contract, the inclusion of a claim for breach of the implied covenant of good faith and fair dealing as a separate claim is duplicative of the breach of contract claim; it does not provide an independent cause of action." *Id.*

Under this precedent, Entrepreneur "'must bring [a breach of the implied covenant] claim as part of a count for breach of contract,'" rather than as an independent claim. *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 294 n.8 (4th Cir. 2021) (quoting *Morris v. Wilmington Sav. Fund. Soc'y*, 360 F. Supp. 3d 363, 369 (W.D. Va. 2018)). See also *AB Staffing Sols., LLC v. Asefi Capital, Inc.*, 2022 U.S. Dist. LEXIS 198176, *31 n.4 (E.D. Va. Oct. 31, 2022) ("Because a claim for breach of the implied covenant of good faith and fair dealing does not furnish an independent cause of action, a party cannot raise it as a separate count in a complaint."). In contending otherwise, Entrepreneur cites *Bourdelais v. JPMorgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 158508 (E.D. Va. Nov. 5, 2012), which allowed a claim for breach of the implied covenant to survive a motion to dismiss. The Court finds that decision distinguishable.

The *Bourdelais* matter involved one count of breach of contract, which was based on allegations that the defendant's conduct breached the implied duty of good faith and fair dealing. *Id.* at *9-15. Here, on the other hand, Entrepreneur attempts to bring a claim for breach of contract in Count One and a separate, standalone claim for breach of the duty of good faith and fair dealing in Count Two. But Count Two does nothing more than repeat allegations made to support the breach of contract claim in Count One. This Court has dismissed similar claims under similar circumstances. *See, e.g.*, *Bagley v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 11880, *17-20 (E.D. Va. Jan. 29, 2013) (dismissing claim for breach of implied covenant

13

of good faith and fair dealing where brought as a cause of action separate and apart from a breach of contract claim); *Harrison v. US Bank Nat'l Ass'n*, 2012 U.S. Dist. LEXIS 85735, *6-7 (E.D. Va. June 20, 2012) (finding that Virginia law does not recognize breach of the implied duty of good faith and fair dealing as an independent tort and dismissing such claim as duplicative of a separate breach of contract claim).

Because Entrepreneur has not alleged any separate theory to sustain a second breach of contract claim under the implied covenant, the Court recommends that Count Two be dismissed. The proposed Second Amended Complaint seeks to reassert Count Two based on nearly identical factual allegations.  (*Compare* ECF No. 7, ¶¶ 26-33 *with* ECF No. 13-1, ¶¶ 26-32.) Therefore, the Court recommends that the motion for leave to amend be denied as futile to the extent it seeks to reassert Count Two.  *See Kellogg Brown & Root, Inc.*, 525 F.3d at 376 (finding leave to amend properly denied as futile where proposed amended complaint did not state a claim under Rule 12(b)(6)).

### C. Entrepreneur Fails to State a Standalone Claim for Bad Faith

In Count Three, Entrepreneur asserts a claim of bad faith and seeks compensatory damages, punitive damages, and attorney's fees associated therewith.  (ECF No. 7, ¶¶ 34-50.)  In support of this claim, Entrepreneur alleges that Lloyd's, among other things,: (1) "largely ignored" the claim for payment under the insurance policy made by Entrepreneur; (2) instead communicated with Anchor about the claim and then denied the claim by taking the position that "Anchor had been paid by reason of the foreclosure"; (3) through its agent, "represented to Entrepr[e]neur that Lloyd's Insurance had made a $177,000 payment to Anchor"; (4) "engaged in a response of run-around"; and (5) indicated suspicion as to the cause of the fire without basis. (ECF No. 7, ¶¶ 36-42.)

Lloyd's argues that Virginia does not recognize an independent tort for bad faith and moves for dismissal of Count Three.  (ECF No. 9-1, at 13-14.)  In response and without citing any legal authority, Entrepreneur contends that Lloyd's actions "are so e[]gregious that they should be held by this Court to constitute a tort justifying an award of punitive damages and attorney's fees."  (ECF No. 15, at 5.)  Virginia law, however, does not recognize a bad faith tort under these circumstances.

"[T]he Fourth Circuit in *Bettius & Sanderson, P.C. v. National Union Fire Insurance Co.*, 839 F.2d 1009, 1016 (4th Cir. 1988) (involving a third party insurance controversy) and *A & E Supply Co. v. Nationwide Mutual Fire Insurance Co.*, 798 F.2d 669, 676 (4th Cir. 1986) (involving a first party insurance controversy), interpreted Virginia decisions to hold that in a Virginia insurance relationship, liability for bad faith conduct is a matter of statutory law and the common law of contracts rather than of tort law."  *Ryder Truck Rental, Inc. v. UTF Carriers, Inc.*, 790 F. Supp. 637, 640 (W.D. Va. 1992).  Thus, the conduct alleged by Entrepreneur "does not constitute an independent tort under Virginia common law capable of supporting a claim for punitive damages" or attorney's fees.  *Id.*  *See also Brentzel*, 2021 U.S. Dist. LEXIS 148199, at *24 ("[T]here is no independent cause of action in Virginia for bad faith denial of an insurance claim.") (citing *REVI, LLC v. Chicago Title Ins. Co.*, 290 Va. 203, 213, 776 S.E.2d 808, 813 (2015)).

In the Motion for Leave to Amend, Entrepreneur seeks leave to file a Second Amended Complaint, which includes a nearly identical bad faith claim in Count Three, with the addition of Exhibit A, described as "copies of letters between counsel for Lloyd's Insurance and Entrepr[e]nuer" in support of the allegations of bad faith.  (ECF No. 13-1, ¶ 42.)  Even with the addition of Exhibit A, the bad faith claim proposed in the Second Amended Complaint fails to

state a claim for the same reasons stated above. Therefore, granting leave to amend as to that claim would be futile. *See Kellogg Brown & Root, Inc.*, 525 F.3d at 376.

The Court recommends that the Motion to Dismiss be granted to the extent it seeks dismissal of Count Three. In addition, the Court recommends that the Motion for Leave to Amend be denied as futile to the extent it seeks to include Count Three.

### D. The Amended Complaint Fails to Plead the Fraud Claims With Sufficient Particularity but Leave to Amend Should Be Granted

Counts Four and Five assert claims for actual and constructive fraud. (ECF No. 7, ¶¶ 51-62.) Lloyd's makes two arguments for dismissal of these claims. First, it contends these counts should be dismissed based on failure to state a claim under the heightened pleading standard of Federal Rule of Civil Procedure 9(b). (ECF No. 9-1, at 14-16.) Second, Lloyd's seeks dismissal for failure to plead reasonable reliance. (*Id.* at 16-17.) The Court agrees that Entrepreneur's Amended Complaint fails to meet the heightened pleading standard for a fraud claim and that the proposed Seconded Amended Complaint only partially cures that deficiency. However, the Court finds that dismissal of these claims should be without prejudice at this stage of the proceedings with an opportunity for the filing of an amended pleading. Therefore, the Court recommends that the Motion to Dismiss be granted as to Counts Four and Five for failure to state a claim, but that leave to amend be granted to correct the deficiencies identified herein.

Rule 9(b) of the Federal Rules of Civil Procedure sets forth a heightened pleading standard for fraud claims, requiring that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To plead the circumstances with sufficient particularity, Entrepreneur "must, at a minimum, describe the time, place, and contents of the false representation, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Kellogg Brown & Root, Inc.*, 525 F.3d at 379.

16

Lloyd's contends that the Amended Complaint fails to adequately allege the time, place, and contents of the alleged fraud, as well as the motive/intent—or "what he obtained thereby." (ECF No. 9-1, at 15.) Entrepreneur all but concedes its Amended Complaint fails to state claims based on fraud but seeks leave to amend to set forth the fraud "with more particularity." (ECF No. 15, at 4.) The Court agrees that Entrepreneur's Counts Four and Five fail to meet the heightened pleading standard for fraud.

The Amended Complaint does not set forth the time or place of the alleged misrepresentation. However, the Court finds that the Amended Complaint sufficiently describes the contends of the alleged fraud—the misrepresentation that $177,000 in insurance proceeds had been paid out to Anchor. The Court also finds that taking the well-pleaded allegations as true and drawing reasonable inferences in Entrepreneur's favor, Entrepreneur adequately pled motive—an intent to lull Entrepreneur into a sense of security regarding the status of its claim. While Entrepreneur must set forth specific factual allegations regarding the "who, what, when, where, and how of the alleged fraud," *Kellogg Brown & Root, Inc.*, 525 F.3d at 379 (internal quotations omitted), the rule permits more general allegations regarding Lloyd's knowledge and intent to deceive. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999); *see also* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). The Amended Complaint, therefore, sufficiently pleads intent.

Although the proposed Second Amended Complaint adds in allegations about the timing of the alleged fraud, it does not contain any allegations about the place of the alleged fraud. Therefore, it does not fully address the deficiencies identified in Lloyd's Motion to Dismiss, although Entrepreneur presumably could correct such deficiency through an amended pleading.

While Lloyd's generally opposes the Motion for Leave to Amend, typically, "'[f]ailure to plead fraud with particularity . . . does not support a dismissal with prejudice. To the contrary, leave to amend is 'almost always' allowed to cure deficiencies in pleading fraud.'" *United States ex rel. Rector v. Bon Secours Richmond Health Corp.*, 2014 U.S. Dist. LEXIS 52161, at *44 (E.D. Va. Apr. 14, 2014) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)). For this reason, the Court recommends that Entrepreneur be granted leave to amend its pleading to address the deficiencies identified above.

Lloyd's next argues that Entrepreneur acted unreasonably as a matter of law in relying on a representation that insurance proceeds had been paid to Anchor when Entrepreneur knew, as of September 25, 2018 at the latest, that Anchor had previously foreclosed on the Property. (ECF No. 9-1, at 16-17.) Specifically, Lloyd's contends that knowledge about the foreclosure should have "excite[d] the suspicions of a reasonably prudent person" because of the "'foreclosure after loss' rule," whereby a "mortgagee that forecloses on the property and extinguishes its debt after loss has surrendered its insurable interest and cannot recover under the insurance policy." (ECF No. 9-1, at 17 (internal quotations omitted).) Entrepreneur fails to respond in substance to this argument and instead simply takes the position that its reliance was reasonable because it had no reason to believe that Lloyd's agent would lie. (ECF No. 15, at 4.)

"It is well-settled under Virginia law that to succeed on a fraud claim a plaintiff's reliance must be reasonable and justified." *Elliott v. Great Point Partners, LLC*, 2011 U.S. Dist. LEXIS 827, at *12 (E.D. Va. Jan. 5, 2011) (citing *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 630 (4th Cir. 1999)). Virginia law recognizes certain circumstances under which "'reliance cannot be reasonable in the absence of prudent investigation,'" *Elliott*, 2011 U.S. Dist. LEXIS 827, at *14 (quoting *FS Photo, Inc. v. PictureVision, Inc.*, 61 F. Supp. 2d 473, 483 (E.D. Va.

1999)), including those "where a party had information that would excite the suspicions of a reasonably prudent person." *Id.* at *15. "Typically, [however,] reasonable reliance is reserved for the trier of fact to determine." *Fessler v. IBM*, 959 F.3d 146, 154 (4th Cir. 2020).

Here, Lloyd's asks the Court to find Entrepreneur's reliance on the alleged misrepresentation unreasonable as a matter of law based on a failure to investigate whether the misrepresentation made sense given the foreclosure and its potential impact on Anchor's rights to recover under the insurance policy. (ECF No. 9-1, at 17 (quoting *Recent Developments in Property Insurance Law*, 33 Tort & Ins. L.J. 659 (Winter 1998)). Viewing the factual allegations as true and in the light most favorable to Entrepreneur and given that the issue of reasonable reliance is typically reserved for the trier of fact, the Court declines to find Entrepreneur's reliance unreasonable as a matter of law. The factual allegations plead sufficient reasonable reliance at the motion to dismiss stage, and further record development is needed to determine "whether an ordinarily prudent person would be on notice of the need to investigate" the alleged misrepresentation made regarding the payout of insurance proceeds to Anchor given the circumstances surrounding the foreclosure. *Walker v. Hill*, 2023 U.S. App. LEXIS 423, at *9 (4th Cir. Jan. 9, 2023).

## V.   CONCLUSION

After careful consideration of the record, and for the reasons set forth above, the Court RECOMMENDS that Lloyd's Motion to Dismiss (ECF No. 9) be GRANTED without prejudice and that Entrepreneur's Motion for Leave to Amend (ECF No. 13) be GRANTED IN PART and DENIED IN PART. Specifically, the Court RECOMMENDS that Entrepreneur be GRANTED leave to file a Second Amended Complaint as to Counts One, Four, and Five but DENIED leave to amend as to Counts Two and Three. Any Second Amended Complaint must correct the

deficiencies noted above. The Court RECOMMENDS that Entrepreneur be ordered to file any Second Amended Complaint within fourteen days of the Court's resolution of this Report and Recommendation.

Let the clerk forward a copy of this Report and Recommendation to United States District Judge Roderick C. Young and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/

Summer L. Speight
United States Magistrate Judge

Richmond, Virginia
Date: July 7, 2023